AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

| | |
|---|---|
| United States of America<br>v.<br><br>Donte Swinton<br><br>Defendant(s) | )<br>)<br>)  Case No.<br>)         1:20-mj-0166<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __February 5, 2020__ in the county of __Marion__ in the __Southern__ District of __Indiana__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(9) | Possession of Firearm After Having Been Convicted of a Misdemeanor Domestic Violence Offense |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
Complainant's signature

Andrew J. Sullivan, Special Agent, ATF
Printed name and title

Sworn to before me and signed in my presence.

Date: 02/21/2020

_____
Judge's signature

City and state: Indianapolis, Indiana       Tim A. Baker, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT

I, Andrew J. Sullivan, being duly sworn, state as follows:

1. I have been employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) since May 2018. As part of my duties as an ATF Special Agent, I investigate criminal violations relating to violations of the Gun Control Act of 1968, National Firearms Act of 1934, and other violations of federal firearms statutes relating to the unlawful possession and trafficking of firearms. I have received training in the history of firearms laws and regulations, firearms criminal violations, interstate controls, firearms identification and investigative call analysis, among other areas of federal criminal law.

2. Prior to my employment with ATF I attended Delta College Police Academy at Bay City, Michigan, where I received my Michigan Commission on Law Enforcement Standards (MCOLES) license as a peace officer in May of 2008. In June of 2008, I was sworn in as a deputy sheriff with the Jackson County Sheriff's Office in Jackson, Michigan. In this capacity, I investigated firearm offenses, homicides, robberies, sexual assaults (and other crimes against persons), crimes against society, and property crimes. I served in this role until April of 2018. I attended the ATF National Academy from May 2018 until November of 2018. During this time I received over eighty hours of training in firearms, firearms offenses, and identifying firearms under the National Firearms Act and the Gun Control Act.

3. The statements in this affidavit are based on my personal knowledge, and on information I have received from other law enforcement personnel and from persons with knowledge regarding relevant facts. Because this affidavit is being submitted for the limited purpose of presenting probable cause, I have not included each and every fact known to me

concerning this investigation. I have set forth facts that I believe are sufficient to establish probable cause to believe that Donte SWINTON violated Title 18, United States Code, Section 922(g)(9).

a. Pursuant to Title 18, United States Code, Section 922(g)(9) (Prohibited Acts), it is unlawful for any person previously convicted of a misdemeanor crime of domestic violence to possess a firearm and or ammunition. For the purposes of 18 U.S.C. § 922(g), a firearm is described as any weapon, which will, or is designed to expel a projectile by action of an explosive. *See* 18 U.S.C. § 921(a)(3).

**FACTS SUPPORTING PROBABLE CAUSE**

4.  On or about February 5, 2020 at approximately 06:00 a.m., Indianapolis Metropolitan Police Department (IMPD) investigators were in the 2100 block of E. New York Street, Indianapolis, Southern District of Indiana, conducting covert surveillance due to a recent increase in armed street robberies. IMPD Detective Malachi West was in an undercover police vehicle monitoring activity in the area when he observed a silver Mercury sedan slowly drive by his location. The driver of this vehicle would later be identified as Donte SWINTON (B/M XX-XX-1994, XXX-XX-4504). Detective West observed the Mercury sedan stop in his vicinity, and then a Dodge pickup truck pulled up next to the Mercury sedan, blocking New York Street. Detective West then observed SWINTON speaking with the occupants of the Dodge truck.

5.  Detective West then observed the Dodge truck pull in front of his vehicle blocking it. Detective West then observed SWINTON pull his Mercury sedan up next to Detective West's undercover vehicle, at which time SWINTON began to yell at Detective West. Detective West felt as if this was going to be a robbery, and that SWINTON was attempting to get him to exit his vehicle so he could rob him. Detective West immediately relayed this information to other

investigators in the area and requested assistance. Detective West then observed SWINTON reverse his Mercury Sedan and pull in directly behind his vehicle. After SWINTON pulled in behind him, Detective West then observed the Dodge pickup began to reverse towards the front of his undercover vehicle. Detective West believed the two vehicles were working together to attempt to "pin" his undercover vehicle in place to either rob him and/or steal his vehicle by force.

6. Detective West then observed SWINTON exit the driver's door of the Mercury sedan holding what appeared to be an AR-15 style rifle and point it directly at Detective West. Detective West placed his vehicle in drive and was able to maneuver around the pickup truck and get out of the immediate area.

7. IMPD Lieutenant Edward Bruce arrived on scene as Detective West was driving away. Lieutenant Bruce identified himself as the police and pointed his firearm at SWINTON as he was yelling loudly for SWINTON to drop his weapon. SWINTON threw the AR-15 he was holding into the driver's seat of the Mercury sedan. Other officers arrived on scene and were able to take SWINTON into custody and detain two passengers who were inside of the Mercury sedan. The AR-15 style weapon investigators observed SWINTON holding was recovered and is further described as an Anderson Manufacturing 5.56, AR-15 style, semi-automatic pistol, serial number 19268491. The pistol was loaded with a 30 round magazine with 29 rounds in the magazine and one round in the chamber. A .45 caliber pistol was also recovered from the vehicle's passenger compartment.

8. Lieutenant Bruce advised SWINTON of his Miranda rights and informed SWINTON he was under arrest. SWINTON then made a statement prior to Lieutenant Bruce asking any questions. SWINTON informed Lieutenant Bruce he was assaulted earlier that day by

several individuals and believed Detective West was one of the persons who assaulted him and was going to confront him.

9. I conducted a criminal history check of SWINTON and noted that in 2017, SWINTON sustained a conviction of "Domestic Battery by Bodily Waste", Indiana Criminal Code 35-42-1-1.3(a)(2), in Marion County, Indiana, under cause number 49G03-1705-F5-015106. Under Indiana Criminal Code, Domestic Battery by Bodily Waste is a Class A Misdemeanor and is punishable by up to one (1) year in jail. In reviewing the court notes of this case I further observed SWINTON pleaded guilty to the above crime on May 12, 2017, and noted the court record to contain the following entry "Factual basis submitted. Defendant agrees and court finds factual basis exists for plea. Court finds defendant understands rights and knowing and voluntarily waives rights. Plea agreement accepted. Court enters Judgment of Conviction." SWINTON was then sentenced on the same date to 365 days in jail with 327 days suspended and was to complete twenty six (26) weeks of domestic violence counseling.

10. In addition to ordering judgment of conviction in Cause 49G03-1705-F5-015106 on May 12, 2017, the Court also made a specific finding that SWINTON committed a crime of domestic violence as defined by Indiana Code 35-31.5-2-78, and that SWINTON was advised, among other matters, that he shall lose the right to possess a firearm and that possession of a firearm or ammunition may constitute a separate crime.

11. Based on my training, experience, and research, the firearm described above (i.e., the Anderson Manufacturing, 5.56 caliber, AR-15 style semi-automatic pistol, serial number 19268491) was not manufactured in the State of Indiana and therefore had to have traveled in

interstate commerce prior to February 2020, and will, or is designed to, expel a projectile by action of an explosive.

12. A further check of SWINTON'S criminal history revealed that he is currently on release in two separate cases in Marion County (Indiana) Superior Court. On February 17, 2018, SWINTON was charged in cause number 49G21-1812-F5-044388, with Unlawful Possession of a Firearm by a Domestic Batterer, Possession of a Narcotic Drug, Maintaining a Common Nuisance, Dealing in Marijuana and Possession of Marijuana. On May 1, 2019, SWINTON was charged in cause number 49G21-1905-F6-016698, with Obstruction of Justice (Felony) and Possession of Marijuana.

## CONCLUSION

13. Based on the above information set forth in this affidavit, I respectfully submit that there is probable cause to believe that Donte SWINTON violated Title 18, United States Code, Section 922(g)(9). I therefore respectfully request that this Court issue a complaint charging him with the same.

Andrew J. Sullivan
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Subscribed and sworn
before me this 21st day of February, 2020

Honorable Tim A. Baker
United States Magistrate Judge
Southern District of Indiana