UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DONTE SWINTON, | ) CAUSE NO: 1:20-cr-00314-JMS-TAB |
| | ) |
| Defendant. | ) |

GOVERNMENT'S UNOPPOSED MOTION TO CONTINUE
FINAL PRE-TRIAL AND JURY TRIAL DATES

Comes now the United States of America, by counsel, John E. Childress, Acting United States Attorney for the Southern District of Indiana, and Jayson W. McGrath, Assistant United States Attorney and the defendant, Donte Swinton, through his counsel, and respectfully, in the interests of justice, files this Unopposed Motion to Continue the Final Pre-Trial and Jury Trial date of the Defendant and in support therefore states:

1. This case was scheduled for Final Pretrial Conference on February 5, 2021, and Jury Trial on January 28, 2021;

2. The United States District Court for the Southern District of Indiana has ordered all jury trials suspended until March 1, 2021.  A trial continuance is necessary to stem the spread of COVID-19.  *In the Matter of: Continued Court Operations Under the Exigent Circumstances Created by Covid-19 and Related Coronavirus*, General Order (S.D. Ind. Dec. 16, 2020). As acknowledged in the General Order, a continuance of jury trials, and this trial in particular, is necessary to assist in stemming the spread of the COVID-19 pandemic our jurisdiction faces.

3. Although the Court's General Order addresses the district-wide health concern (*Id.* ¶ I), and references the Speedy Trial Act and particularized bases for a continuance of any and all trials (*Id.* ¶ III), the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive open-endedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509. Accordingly, under the plain text of the Speedy Trial Act and the reasoning of *Zedner*, the General Order requires specific supplementation.

4. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

5. Consistent with the facts and circumstances of this case and the measures outlined in the Court's General Order, a continuance serves the ends of justice and protects the public. *See* 18 U.S.C. § 3161(h)(7).

6. In addition to the public health concerns for prospective jurors, court personnel, and parties, an ends-of-justice delay is particularly apt in this case because for purposes of trial preparation, both parties require close contact with other individuals such as the client, law enforcement agents, and fact witnesses.

7. On December 22, 2020, counsel for the government and defense counsel discussed this Motion to Continue. Both parties are in agreement that the ends of justice served by the continuance sought herein outweigh the best interests of the public and the defendant to a speedy trial. Both parties approve the form of the proposed order, filed for the Court's consideration. Thus, the delay in the trial date attributable to this request for continuance is excludable under 18 U.S.C. § 3161 et seq.

**WHEREFORE**, the government requests that the Court enter a case-specific order finding excludable delay under § 3161(h)(7) and directing that the scheduled final pretrial conference of January 28, 2021 and the jury trial date of February 8, 2021, be vacated, and that this case be reset for a jury trial at such other time as the court's calendar will permit.

Respectfully submitted,

JOHN E. CHILDRESS
Acting United States Attorney


By:  /s/Jayson W. McGrath
     Jayson W. McGrath
     Assistant United States Attorney

CERTIFICATE OF SERVICE

      I hereby certify a copy of the foregoing Motion to Continue was filed electronically. Notice of this filing will be sent to the applicable parties by operation of the Court's CM/ECF system.

      /s/Jayson W. McGrath
      Jayson W. McGrath
      Assistant United States Attorney

Office of the United States Attorney
10 West Market Street
Suite 2100
Indianapolis, Indiana 46204
Telephone: 317-226-6333